IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSHUA BLAZE OHLEN,<br><br>　　Plaintiff,<br><br>v.<br><br>CASEY COLTRAIN, et al.,<br><br>　　Defendants. | No. 3:19-cv-955-M-BT |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this § 1983 lawsuit to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). For the following reasons, Plaintiff's Complaint should be dismissed.

Plaintiff filed his original Complaint against Defendants Casey Coltrain and Kenneth Cochran on April 19, 2019. Compl. (ECF No. 1). Subsequently, Defendants waived service, filed a motion to dismiss, and answered Plaintiff's Complaint. Waiver of Service (ECF Nos. 7, 8); Mot. Dismiss (ECF No. 9); Answer (ECF Nos. 10, 11). One month after Defendants filed their motion to dismiss, Plaintiff's counsel[1] filed an unopposed motion to withdraw from the case. Mot. Withdraw (ECF No. 15). In Plaintiff's counsel's motion to withdraw, he represented that he "ha[d] not been able to get in touch with Plaintiff since the commencement of this

---

[1] The Court refers to Mr. William A. Pigg as "Plaintiff's counsel" throughout for ease of reference, though he no longer represents Plaintiff. E-Order (ECF No. 22) (granting Mr. Pigg's motion to withdraw as attorney).

1

matter and ha[d] been unable to ascertain his whereabouts"; that he "spok[e] with Plaintiff's stepfather . . . [who] informed [him] that neither he nor Plaintiff's mother [knew]" Plaintiff's whereabouts; and that he sent Plaintiff an email but did not know whether he received it or whether Plaintiff's email address was still valid. Mot. Withdraw 1-2. The Court ordered Plaintiff to file a written response and show cause as to why this case should not be dismissed for failure to prosecute. Order (ECF No. 16). The Court set Plaintiff's counsel's motion to withdraw and the show-cause matter for hearing on August 28, 2019, and required Plaintiff and his counsel to appear in person. *Id.* The Court's order also instructed Plaintiff's counsel to "use his best efforts to serve a copy of [the] order on Plaintiff and advise him that if he [did] not appear in person, he risk[ed] dismissal of his case for failure to prosecute." *Id.* (citing Fed. R. Civ. P. 41(b)).

In Plaintiff's counsel's written response to the Court's August 5, 2019 show-cause order, he stated that "[o]n August 5, 2019, [he] attempted to telephone Plaintiff at the number [he] [had] for him," but it was disconnected. Decl. Pigg 1 (ECF No. 20). Also on August 5, 2019, he sent Plaintiff an email to "the only email address [he] [had] for him" and "telephoned Plaintiff's stepfather," who "informed [him] that neither he nor . . . Plaintiff's mother," nor Plaintiff's grandparents, "[had] heard from Plaintiff since March 2019." *Id.* 1-2. On August 6, 2019, Plaintiff's stepfather called Plaintiff's counsel to tell him that he contacted the Phoenix Police Department[2] to determine whether Plaintiff was in jail or had died

---

[2] Plaintiff's last known place of residence is Phoenix, Arizona. Decl. Pigg. 1.

and been classified as a "John Doe." *Id.* 2. The Phoenix Police Department confirmed that Plaintiff was not in jail and that no John Does in the Phoenix morgue matched Plaintiff's description. *Id.* Plaintiff's counsel then filed a missing person report for Plaintiff on August 12, 2019, and on August 14, 2019, placed a legal notice in the newspaper, the Arizona Republic, to run from August 19-23, 2019, directing anyone who knew of Plaintiff's whereabouts to contact him. *Id.* 2-3. On August 14, 2019, Plaintiff's counsel received a phone call from a Phoenix detective who located Plaintiff and told him that his attorney was trying to reach him. *Id.* 3. Plaintiff told the detective he would contact his attorney, but he did not. *Id.* Plaintiff's counsel relayed the detective's message to Plaintiff's mother and told her the Court required Plaintiff's presence at the show-cause hearing in person. *Id.* The Court held the hearing on September 6, 2019, and, though Plaintiff's counsel appeared, Plaintiff did not. *See* E-Order (ECF No. 18) (resetting show-cause hearing from 8/28/2019 to 9/6/2019). After the hearing, and in light of Plaintiff's counsel's extensive efforts to contact Plaintiff, the Court granted Plaintiff's counsel's unopposed motion to withdraw. E-Order (ECF No. 22). Three additional months have now passed since the hearing, and Plaintiff has not filed anything in this case.

Under Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or comply with any order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (citations omitted).

"This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. 626 at 630-31); *see also Beard v. Experian Info. Sols. Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007) (per curiam). Here, Plaintiff failed to appear at the September 6, 2019 show-cause hearing despite the Court's warning that if he failed to appear, he risked having his case dismissed for failure to prosecute. Further, Plaintiff's lack of cooperation with his, now former, counsel demonstrates that Plaintiff has abandoned his case. Plaintiff's counsel went to extraordinary lengths to reestablish communication with Plaintiff, but Plaintiff refused to cooperate with his attorney. Plaintiff ignored his attorney's, his family members', and this Court's attempts to engage him. Plaintiff's whereabouts are unknown. The Court has no address for Plaintiff and no reliable means to communicate with him. This litigation cannot proceed if Plaintiff is unwilling to pursue his claims. Accordingly, Plaintiff's Complaint should be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders); *Boudwin*, 756 F.2d at 401 ("Although . . . [Rule 41(b)] speaks of dismissal pursuant to a motion by the defendant, a district court may dismiss *sua sponte,* with or without notice to the parties."); .

Additionally, because the Court recommends Plaintiff's Complaint be dismissed for failure to prosecute, the Court should also deny as moot Defendants' motion to dismiss.

4

## Recommendation

The Court recommends Plaintiff's Complaint be DISMISSED without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b). In view of this recommendation, the Court should also DENY Defendants' motion to dismiss (ECF No. 9) as MOOT.

**SO RECOMMENDED**.

December 12, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).